UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

____

DALTON WALSER,

        Plaintiff,                       Case No. 2:19-cv-116

v.                                          Honorable Paul L. Maloney

J. CORRIGAN et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Spiker, Theut, and Horton.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The

events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues URF employees Assistant Deputy Warden J. Corrigan, Assistant Resident Unit Manager Unknown Dunton, Resident Unit Manager Corey Spiker, Hearings Officer Unknown Theut, and Warden Connie Horton.

Plaintiff alleges that on August 14, 2018, he found out that the Gangster Disciples placed a hit on his life because of a disagreement he had with one of their members. Plaintiff walked to the control center and requested protective custody. The sergeant instructed Plaintiff to write a statement specifying why he needed protection and from whom. Plaintiff wrote a letter stating that he had been approached by a member of the Gangster Disciples who told him that he needed to pay the gang a monthly fee of $50.00 to stay at the facility, or else he was going to be seriously hurt. The sergeant then placed Plaintiff in the "Kory" unit.

On August 15, 2018, Plaintiff was taken to a S.C.C. (Security Classification Committee) meeting. At the meeting, Defendants Corrigan and Dunton told Plaintiff that he was only asking for protection so he could be transferred out of URF. Plaintiff never received a protective custody hearing investigation. Defendants Corrigan and Dunton told Plaintiff that unless he returned to general population, they would keep him in segregation and would write disobeying direct order tickets on Plaintiff for "refusing general population" until his points caused him to become a security level V. Defendants told Plaintiff that once he was a level V prisoner, they would transfer him. Plaintiff refused to go to general population and was given a misconduct ticket. On August 20, 2018, Plaintiff received 10 days in detention.

On August 30, 2018, Plaintiff was given another order to return to the general population. Because Plaintiff was close to seeing the parole board and did not want any more

2

tickets, he agreed. Plaintiff was sent to the same unit that housed the gang members who had threatened him.

On September 21, 2018, Plaintiff was attacked from behind while using the urinal. Plaintiff was struck on the back of his head multiple times and forced to defend himself. Plaintiff was taken to health care and was told that he had a fractured right hand, which required a cast. Plaintiff also had a cut on his lip. On September 27, 2018, Plaintiff was heard on a fighting misconduct and again asked for protection. Plaintiff's request was denied without investigation.

On October 23, 2018, Plaintiff had another S.C.C. hearing and requested protection. Plaintiff's request was denied and Defendant Corrigan told Plaintiff to stop being scared and to face his problems. Plaintiff asked Defendant Corrigan if he wanted Plaintiff to be stabbed next time. On November 2, 2018, Plaintiff was given a direct order to return to general population. Plaintiff refused because he feared for his life. As a result, he received a misconduct ticket. On November 7, 2018, Plaintiff received 10 days in detention.

On November 17, 2018, Plaintiff refused another direct order to return to general population and received another misconduct. On November 20, 2018, Plaintiff was sentenced to 10 days in detention. Plaintiff was seen by the S.C.C. after each detention sanction and requested protection each time. Plaintiff's security level was increased from level II to level IV because he continued to refuse to return to general population. On December 26, 2018, Plaintiff was seen by the S.C.C., where Defendant Corrigan told Plaintiff that he was requesting to have Plaintiff placed in the "Restart Program," which is for individuals who cannot be managed in general population.

On January 16, 2019, Plaintiff was transferred to LMF and was placed in segregation. Plaintiff was put in the "Pilot Program," which has 6 stages and lasts a minimum of 10 weeks. Plaintiff was finally released back into general population on April 2, 2019, and asserts

that he was needlessly punished by confinement in segregation because of his refusal to go to general population with gang members who had threatened him. Plaintiff seeks damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

4

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the Court notes that Plaintiff fails to specifically mention Defendants Spiker, Theut, or Horton in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003);

*Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). As noted above, Plaintiff fails to even mention Defendants Spiker, Theut, or Horton in the body of his complaint. Because his allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), Defendants Spiker, Theut, and Horton are properly dismissed.

Plaintiff claims that Defendants Corrigan and Dunton denied his requests for protective custody, which resulted in Plaintiff being assaulted and forced to defend himself while he was in the bathroom. As a result, Plaintiff suffered from a fractured hand and other minor injuries. Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation of this right, Plaintiff must show that Defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cty. of Medina*, 29 F.3d 238, 242-43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.") The Court concludes that Plaintiff's Eighth Amendment claims against Defendants Corrigan and Dunton are not clearly frivolous and may not be dismissed on initial review.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Spiker, Theut, and Horton will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claims against Defendants Corrigan and Dunton remain in the case.

An order consistent with this opinion will be entered.


Dated:   October 1, 2019                             /s/ Paul L. Maloney
                                                                             Paul L. Maloney
                                                                             United States District Judge